**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA STATESBORO DIVISION**

| | | |
|---|---|---|
| HARI ROCK,<br><br>Plaintiff,<br><br>v.<br><br>BRENT G. HAMMOND, in his individual capacity; and COLONEL WILLIAM W. HITCHENS, III, in his individual capacity and in his official capacity as Commissioner of the Georgia Department of Public Safety,<br><br>Defendants. | * | CV 625-033 |

**O R D E R**

Presently pending before the Court is Defendants' partial motion to dismiss. (Doc. 8.) For the following reasons, Defendants' motion is **GRANTED**.

## I. BACKGROUND

Plaintiff sued Defendants on May 2, 2025, alleging four claims: (I) unlawful seizure in violation of the Fourth Amendment against Defendant Hammond in his individual capacity under 42 U.S.C. § 1983; (II) unlawful search in violation of the Fourth Amendment against Defendant Hammond in his individual capacity

under § 1983; (III)[1] violation of equal protection under the Fourteenth Amendment against Defendant Hammond in his individual capacity under § 1983; and (IV) a Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), claim against Defendant Hitchens and the Georgia Department of Public Safety[2] ("GDPS") under § 1983. (Doc. 1, 8-15.) Plaintiff alleges the following.

Plaintiff, an African American male, was 40 years old at the relevant time. (Id. at 2.) Defendant Hammond is a trooper with the Georgia State Patrol ("GSP"), a division of the GDPS. (Id.) At all relevant times, Defendant Hammond acted within the scope of his employment as a GSP trooper and under the authority, policies, and customs promulgated and enforced by the GDPS. (Id.) Defendant Hitchens is the Commissioner of the GDPS and was responsible for the policies and customs promulgated and enforced by the GDPS and the training and supervision of Defendant Hammond. (Id. at 3.)

On May 4, 2023, Plaintiff was driving on Interstate 16 near Statesboro, Georgia on the way to Florida to attend his daughter's college graduation. (Id.) Defendant Hammond initiated a traffic stop because of an expired license plate. (Id.) Plaintiff informed Defendant Hammond it was a rental vehicle and provided valid documentation. (Id.) Approximately fifteen minutes into

---

[1] Count III is inadvertently named Count IV in the Complaint, making two Count IVs. (Doc. 10, at 1 n.1.) Thus, the Court refers to the first Count IV as Count III.

[2] GDPS is not named in the case caption, but Plaintiff asserts Count IV against GDPS. (Doc. 1, at 12.) The Court addresses this issue below.

the stop, Defendant Hammond confirmed he was not inclined to issue a citation for the expired tag and began an unrelated line of questioning. (Id.)

Defendant Hammond asked Plaintiff whether there was anything illegal in the vehicle, specifically referencing methamphetamine, ecstasy, MDMA, marijuana, guns, or bombs. (Id.) Plaintiff truthfully responded no, and Defendant Hammond asked to search the vehicle. (Id. at 4.) Defendant Hammond explained that part of his job is to look for narcotics moving up and down the interstate. (Id.) Plaintiff declined to give consent for a search, and Defendant Hammond deployed a K-9 around the vehicle despite having no reasonable suspicion to believe any illegal activity was occurring or any drugs were in the vehicle. (Id.) There were no drugs in the vehicle, but Defendant Hammond claimed the dog alerted and "showed interest." (Id. at 4-5.) Defendant Hammond then searched the entire vehicle while Plaintiff stood on the side of the road, in front of the patrol vehicle, next to another trooper. (Id. at 5.) Plaintiff was not free to leave. (Id.)

No contraband was found during the search, and Plaintiff ultimately was issued a warning and released. (Id.) Defendant Hammond subjected Plaintiff to additional scrutiny, extended the stop beyond what was necessary, and questioned him about drugs and guns because of his race. (Id. at 4-5.) However, Defendant Hammond's conduct was not an isolated event, as he has a history

of converting regular traffic stops into pretextual drug investigations. (Id. at 6.) Several of his GSP performance evaluations praised him for initiating drug enforcement activities during routine stops. (Id. at 7.) GSP's repeated praise of Defendant Hammond's actions shows it condoned, endorsed, and rewarded his practice of extending routine traffic stops unlawfully to conduct drug investigations. (Id.) GSP's recognition and reward of these tactics illustrates a custom or practice that violates constitutional rights. (Id. at 7-8.)

Defendants filed a partial motion to dismiss, moving to dismiss Plaintiff's equal protection and Monell claims. (Doc. 8, at 1.) Plaintiff responded (Doc. 10), and Defendants replied (Doc. 11). The motion has been fully briefed and is ripe for the Court's review.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-79. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

## III. DISCUSSION

Defendants move to dismiss Plaintiff's equal protection and Monell claims, along with his request for injunctive relief. (Doc. 8-1, at 5, 11-12.) They argue that Plaintiff's official capacity claims against Defendant Hitchens are claims against the state and

are barred by the Eleventh Amendment. (Id. at 5.) They also argue Plaintiff's Monell claim fails because Monell does not apply to state agencies or officials. (Id. at 6-7.) As to Count III, they argue Plaintiff fails to state an equal protection claim against Defendant Hammond because he fails to allege any similarly situated comparator that was treated more favorably. (Id. at 7-10.) Defendants also argue qualified immunity bars the equal protection claims against Defendants in their individual capacities. (Id. at 10-11.) Finally, Defendants assert Plaintiff is not entitled to injunctive relief. (Id. at 11-12.) The Court considers Defendants' arguments in turn.

**A. Count III: Equal Protection Against Defendant Hammond in his Individual Capacity**

As to Count III, Defendants argue Plaintiff fails to state a claim for equal protection and that qualified immunity bars the claim. (Doc. 8-1, at 7-11.) Plaintiff asserts his equal protection claim is plausibly pled, and qualified immunity should not be resolved on a motion to dismiss. (Doc. 10, at 4-8.)

"To prevail under § 1983, 'a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law.'" Arrington v. Miami Dade Cnty. Pub. Sch. Dist., 835 F. App'x 418, 420 (11th Cir. 2020) (citation omitted). Equal protection violations are actionable under § 1983, and among other things, it "ensures a right to be free from intentional

discrimination based on race." Id. (citations omitted); see also Andre v. Clayton Cnty., 148 F.4th 1282, 1305 (11th Cir. 2025) (quoting Whren v. United States, 517 U.S. 806, 813 (1996)) ("[The Equal Protection Clause] 'prohibits selective enforcement of the law based on considerations such as race.'"). "Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." Andre, 148 F.4th at 1306 (quoting Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977)).

Plaintiff alleges "Defendant Hammond questioned [Plaintiff] about guns and drugs because of his race"; "troopers with the [GSP] exhibit a pattern and practice of baseless suspicion of criminal activity due to a motorist's race"; "Defendant Hammond does not routinely subject similarly situated white drivers to the same level of suspicion, prolonged detention, or investigatory escalation during routine traffic stops"; and Defendant Hammond's "practices disproportionately affect African American motorists." (Doc. 1, at 4, 11.) However, Plaintiff states these allegations are "[u]pon information and belief," and he provides no plausible facts to allege he was discriminated against based on his race. (See id.) "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Arrington, 835 F. App'x at 421 (citation omitted). Plaintiff alleges that Defendant Hammond was praised for his drug

enforcement tactics, and that he had a history of turning traffic stops into bigger investigations, but he provides no allegations that tie these tactics to race. (See Doc. 1, at 6-8.) The Court cannot accept legal conclusions as true, and it would be incorrect to infer that Defendant Hammond's tactics were racially motivated solely based on Plaintiff's conclusory statements. Iqbal, 556 U.S. at 677-79. Thus, the Court finds Plaintiff has failed to state an equal protection claim against Defendant Hammond, and Defendants' motion to dismiss Count III is **GRANTED**. The Court finds it unnecessary to address Defendants' qualified immunity arguments since Plaintiff has failed to state an equal protection claim.

**B. Count IV: Monell Claim against Defendant Hitchens/GDPS**

Defendants argue Count IV is barred by the Eleventh Amendment and the text of § 1983 against both Defendant Hitchens and the GDPS. (Doc. 8-1, at 5.)

The Court first addresses whether the GDPS is a Defendant. Plaintiff offers no clarification on this confusion in response to the motion to dismiss. (See Doc. 10.) Nonetheless, the Court finds the GDPS is not a party to this suit. Although Plaintiff does once refer to the GDPS as "Defendant [GDPS]" in Count IV, he otherwise does not refer to the GDPS as a Defendant, does not name it in the caption of the case, and does not call it a Defendant when explaining the various entities and their roles in the

Complaint. (Doc. 1, at 1-2, 12.) The Court therefore finds Defendant Hammond and Defendant Hitchens are the only Defendants, and Defendant Hitchens is sued both in his individual capacity and in his official capacity as Commissioner of the GDPS. (Id. at 2-3.)

Under Monell, a *municipality* may be held liable only when its "'official policy' causes a constitutional violation." Grech v. Clayton Cnty., 335 F.3d 1326, 1329 (11th Cir. 2003) (citation omitted). Thus, a plaintiff "must identify a municipal policy or custom that caused his injury." Id. (citation and quotation marks omitted) (alteration adopted). Even so, Monell applies "to local government units which are not considered part of the State for Eleventh Amendment purposes." Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989) (citation omitted). Monell does not apply to Defendant Hutchins because he is the Commissioner of the GDPS, a state entity.

Plaintiff acknowledges this reality and requests leave to amend the caption of Count IV to state "supervisory liability" instead of "Monell." (Doc. 10, at 9.) He argues the underlying allegations and requested remedies remain the same. (Id.) Eleventh Circuit "precedent is clear: the proper method to request leave to amend is through filing a motion, and such motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."

Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 665 (11th Cir. 2015) (citation omitted). The Eleventh Circuit "repeatedly [has] held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." Id. (citing Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.")). Thus, Plaintiff's request to amend is **DENIED**, and Plaintiff's Monell claim against Defendant Hitchens, Count IV, is **DISMISSED**.

To the extent Count IV brings other claims against Defendant Hitchens in his official capacity, Defendants argue they are barred by the Eleventh Amendment and § 1983. (Doc. 8-1, at 5-6.) Plaintiff seeks injunctive relief against Defendant Hitchens in his official capacity. (Doc. 10, at 9.) The Court addresses Defendants' injunctive relief arguments below.

Plaintiff also argues the Complaint alleges multiple performance evaluations that praised Defendant Hammond's drug enforcement activities, endorsed and rewarded his tactics, failed to train and discipline on Fourth Amendment limits, and other facts to allege causation between Plaintiff's injury and the GSP's customs. (Doc. 10, at 8.) Plaintiff asserts these facts are enough to proceed on a supervisory liability claim against Defendant Hitchens in his individual capacity. (Id.) However, the Court finds there is no mention of supervisor liability in the

Complaint. (See Doc. 1.) Plaintiff asserts that "Defendant Hitchens is also being sued in his individual capacity," but then brings no claims against him in his individual capacity. (Id. at 3.) The Court interprets Plaintiff's position as another attempt to amend the Complaint in response to the motion to dismiss which is an improper method for amendment.

Thus, the only remaining claim against Defendant Hitchens is the claim for injunctive relief which the Court addresses next.

**C. Injunctive Relief Request**

Plaintiff seeks "injunctive relief as appropriate" and states, "the request for prospective injunctive relief [is] against [Defendant Hitchens] in his official capacity." (Doc. 1, at 1, 15; Doc. 10, at 9.) Defendants argue Plaintiff's injunctive relief request fails for lack of standing because he is not suffering a continuing violation of the law, and "obey the law" injunctions are unenforceable. (Doc. 8-1, at 11-12.) Plaintiff argues he has alleged an ongoing GSP-endorsed custom and seeks relief tailored to training, supervision, and policy compliance. (Doc. 10, at 9.) He asserts there is a "credible threat" that Plaintiff and other similarly situated drivers will face the same practices on a Georgia highway. (Id. at 10.)

"Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate - as opposed to a merely

conjectural or hypothetical - threat of *future* injury." Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)). "Although past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury, [p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Id. (citations and quotation marks omitted). Ex Parte Young, 209 U.S. 123 (1908), "permits federal courts to entertain suits against state officers seeking *prospective* equitable relief to end continuing violations of federal law." McClendon v. Georgia Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001) (citation omitted).

The Court finds Plaintiff has no basis for injunctive relief against Defendants. As the Eleventh Circuit has explained, "to obtain prospective injunctive relief[,] a plaintiff must show that he faces a substantial likelihood of injury in the future." Wooden, 247 F.3d at 1284 (citation omitted). In Wooden, the Circuit discussed the Supreme Court's decision in Lyons which is illustrative here. Id. (citing Lyons, 461 U.S. at 97). In Lyons, the plaintiff was stopped for a traffic violation, and even though he was not resisting, the officers applied a chokehold, rendering him unconscious. Id. (citing Lyons, 461 U.S. at 97, 99). The plaintiff sought an injunction to prevent future police use of

chokeholds absent an immediate threat of deadly force, and the Supreme Court explained that there had to be a "real and immediate threat" that the causes of his injury would recur. Id. (citing Lyons, 462 U.S. at 98, 106). Following this reasoning, to establish standing for injunctive relief, Plaintiff would have to allege that he would have another encounter with GSP, that all GSP officers always extend traffic stops because of race, or that GSP ordered or authorized the officers to act that way. See id.

As outlined above, Plaintiff did not sufficiently allege that his stop was racially motivated, as he failed to allege an equal protection violation, so there too are insufficient allegations that he will experience a traffic stop like this again. "As Lyons makes clear, the fact that others may be exposed to that process in the future is not sufficient for [plaintiff] to obtain prospective relief that will not benefit *him* in conjunction with his individual claim." Id. at 1285. Plaintiff puts forth nothing past pure speculation that he is likely to suffer a future injury, and he certainly fails to allege any real and immediate threat that his injury will recur. Since Plaintiff lacks standing to seek injunctive relief, his request for such is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' partial motion to dismiss (Doc. 8) is **GRANTED**. Count

III and Count IV of the Complaint are **DISMISSED**, along with Plaintiff's request for injunctive relief. The Clerk is **DIRECTED** to **TERMINATE** Defendant Hitchens as a Party because there are no remaining claims against him. Counts I and II shall proceed against Defendant Hammond.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of September, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA